**184 So. 720**

**RHODES v. SINCLAIR REFINING CO.**

**et al.**

**No. 34843.**

Oct. 31, 1938.

Jim W. Richardson, of Bogalusa, for appellant.

Porteous, Johnson & Humphrey, of New Orleans, for appellees.

HIGGINS, Justice.

This is an action ex delicto by a resident and citizen of Louisiana, against the Sinclair Refining Company, a corporation organized under the laws of the State of Maine, and A. L. Nye, a resident and citizen of Louisiana, jointly, severally and in solido, filed in the Twenty-Second Judicial District Court for the Parish of Washington, Louisiana.

The defendant, Sinclair Refining Company, filed a petition and bond for removal of the case to the Federal Court. The trial judge granted the order for the removal upon the showing made by the company in its petition therefor.

The plaintiff's application for a suspensive appeal from the order was immediately granted in open court and the appeal was properly and timely perfected in the Supreme Court, but the Refining Company ignored the appeal and filed the transcript of the case in the Federal Court.

The Federal Judge decided that, although there was a diversity of citizenship between the parties, this was not a separable action, and remanded the case to the State Court. The defendant, Refining Company, then filed in the State Court its answer to the plaintiff's petition.

■ It is conceded by both sides to this controversy that the sole and only re-

maining issue was whether or not the plaintiff was entitled to an appeal from the order removing the case to the Federal Court, to determine against whom the cost of this appeal should be assessed. The recent case of Fournet v. De Vilbiss et al., 187 La. 191, 174 So. 259, is decisive of the issue presented, for we there held that the plaintiff was entitled to appeal to the State Appellate Court from the order of the State trial judge removing his case to the Federal Court.

■ The Refining Company, by filing its answer to this suit in the State District Court, acquiesced in the judgment of the Federal Court, remanding the case to the State Court, and thereby recognized the jurisdiction of the State Court, but we might say in passing that the Federal Judge's ruling is in accord with the views we expressed in the case of Fournet v. De Vilbiss et al., supra.

The defendant, Refining Company, having submitted itself to the jurisdiction of the State Court by appearing therein and answering to the merits of the suit, after the order of the State District Court was nullified by the Federal Court's ruling, it is unnecessary for us to further set aside the order of removal granted by the trial judge.

For the reasons assigned, the appeal is dismissed at the appellee's cost.